UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

H&R BLOCK TAX SERVICES, LLC,

      Plaintiff,

  -against-          1:15-CV-0085 (LEK/CFH)

JUDY STRAUSS,

      Defendant.

## MEMORANDUM-DECISION and ORDER

**I. INTRODUCTION**

Plaintiff H&R Block Tax Services, LLC ("Plaintiff," or "H&R Block") commenced this breach of contract action against Defendant Judy Strauss ("Defendant"). Dkt. No. 1 ("Complaint"). On January 26, 2015, Plaintiff filed a Motion for a preliminary injunction and temporary restraining order. Dkt. No. 5 ("Motion"). The Court held a hearing on the Motion on January 29, 2015. See Dkt. No. 12. Subsequently, Defendant filed a Response in opposition to the Motion. Dkt. No. 17 ("Response"). For the following reasons, the Motion is granted.

**II. BACKGROUND**

Plaintiff is engaged "in the business of licensing others to operate tax return preparation offices under the H&R Block service mark." Compl. ¶ 5. In September 1984, Defendant entered into a Satellite Franchise Agreement (the "SFA") with Plaintiff's predecessor-in-interest[1] to enable Defendant to operate a tax return preparation office in Cobleskill, New York under the H&R Block service mark. Id. ¶ 1. The SFA automatically renewed every five years, and the parties continued their contractual relationship until 2014. See id. ¶ 2; see also Dkt. No. 1-1 ("Exhibit 1") ¶ 4. Prior

---

[1] The succession of rights and liabilities under the SFA is not in dispute.

to the expiration of the most recent five-year term, Plaintiff informed Defendant that it would not be renewing the 1984 version of the SFA; instead, Plaintiff offered Defendant a "current form" of the franchise agreement. Compl. ¶ 2. Defendant declined to renew the SFA in its current form, and the franchise relationship expired on September 1, 2014. Id. ¶¶ 2, 12.

At issue are certain provisions in the SFA that are set to take effect upon termination of the agreement: (1) that Defendant will neither solicit clients to whom her franchise provided tax return preparation services, nor compete with Plaintiff in the business of preparing tax returns, for a period of one year and within forty-five miles of Cobleskill, NY; (2) that Defendant will assign Plaintiff the telephone number(s) used in connection with her franchised business; and (3) that Defendant will not lease the premises used for her franchised business to a party (other than Plaintiff or an approved transferee) for the purpose of preparing tax returns. Id. ¶ 9; Ex. 1 ¶¶ 12, 14. The SFA also provides that Defendant must require any person in her employ for the purpose of tax preparation services to agree to the same covenants against competition. Compl. ¶ 10; Ex. 1 ¶ 12.

Plaintiff alleges that since the SFA expired in September 2014, Defendant "has continued to operate a tax return preparation business at her formerly franchised location under the name J. STRAUSS & ASSOCIATES, and has posted a sign on her office reading, 'J. STRAUSS & ASSOCIATES BOOKKEPING & TAX SERVICE.'" Compl. ¶ 14. Plaintiff further alleges that "the telephone number listed to H&R BLOCK in Cobleskill continues to ring in [Defendant's] non-H&R BLOCK tax return preparation office." Id. Finally, Plaintiff claims that Defendant "admitted that she had agreed to lease office space to two tax professionals whom she had previously employed at her H&R BLOCK franchised office and that those individuals . . . continue to perform tax return preparation services for clients in the area at her formerly franchised location." Id. ¶ 15.

**III.     DISCUSSION**

In the Motion, Plaintiff seeks to preliminarily enjoin Defendant from: (1) "directly or indirectly offering tax return preparation services in or within 45 miles of Cobleskill, New York"; (2) "soliciting clients of her former H&R BLOCK franchise"; and (3) "continuing to use, and refusing to assign to [Plaintiff], the telephone number listed under the name H&R BLOCK in Cobleskill." Dkt. No. 5-1 ("Memorandum") at 1.

Whether to grant or deny a preliminary injunction lies within the sound discretion of the district court. S.C. Johnson & Son, Inc. v. Clorox Co., 241 F.3d 232, 237 (2d Cir. 2001); CJ Prods. LLC v. Snuggly Plushez LLC, 809 F. Supp. 2d 127, 140 (E.D.N.Y. 2011). A plaintiff seeking a preliminary injunction must establish that: (1) "he is likely to succeed on the merits" of his claim; (2) "he is likely to suffer irreparable harm in the absence of preliminary relief"; (3) "the balance of equities tips in his favor"; and (4) "an injunction is in the public interest."[2] Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008). Even if a plaintiff has not demonstrated a likelihood of success on the merits, a preliminary injunction may still be granted if the plaintiff shows "a serious question going to the merits to make them a fair ground for trial, with a balance of hardships tipping decidedly in the plaintiffs favor." Metro. Taxicab Bd. of Trade v. City of New York, 615 F.3d 152, 156 (2d Cir. 2010). This alternative "permits a district court to grant a preliminary injunction in situations where it cannot determine with certainty that the moving party is more likely than not to prevail on the merits of the underlying claims, but where the costs outweigh the benefits of not

---

[2] The "public interest" prong does not mean that a court must consider the public interest in deciding *whether* to grant injunctive relief; rather, it means that if injunctive relief is granted, a court should ensure that the injunctive provisions of the order do not harm the public interest. SEC. v. Citigroup Global Mkts. Inc., 673 F.3d 158, 163 n.1 (2d Cir. 2012).

3

granting the injunction." Citigroup Global Mkts., Inc. v. VCG Special Opportunities Master Fund Ltd., 598 F.3d 30, 35 (2d Cir. 2010).

The SFA contains a choice-of-law provision, which states that it shall be governed by Missouri law. Ex. 1 ¶ 25. "New York courts will generally 'enforce a choice-of-law clause so long as the chosen law bears a reasonable relationship to the parties or the transaction.'" Ergowerx Int'l, LLC v. Maxell Corp. of Am., 18 F. Supp. 3d 430, 439 n.5 (S.D.N.Y. 2014) (citation omitted). Plaintiff is a Missouri corporation, Compl. ¶ 5, and the SFA indicates that Plaintiff's principal office is also located in Missouri, Ex. 1 ¶ 29. Accordingly, the Court will address the relevant SFA provisions under Missouri law. However, as discussed *infra*, the Court notes that it would reach the same result under New York law as well.

**A. Likelihood of Success on the Merits**

Defendant does not contest that she has continued to conduct tax preparation services, directly and through her employees, at her former franchised location since the SFA expired. See generally Resp. Moreover, subsequent to the hearing, Defendant informed the Court that she consents to transfer the business telephone number to Plaintiff. See Dkt. No. 15 ("Strauss Affidavit") ¶ 16 ("I respectfully inform the Court that I consent to a transfer of the phone number at my office to the new H&R Block office."). However, Defendant challenges Plaintiff's likelihood of success on the merits on two grounds. First, Defendant argues that Plaintiff is in breach of the SFA because the agreement permits Plaintiff to decline to renew the SFA only "for cause," which Plaintiff has not shown. Resp. at 6. Second, Defendant argues that the non-competition clause is unenforceable because it is overbroad. Id. at 3.

4

*1. Renewal of the SFA*

Defendant argues that Plaintiff wrongfully terminated the SFA when it declined to renew the SFA under its 1984 terms. See Resp. at 6. Defendant asserts that the SFA permitted Defendant to decline to renew the agreement with 120-days written notice, but that Plaintiff could only terminate the agreement "for cause"; Plaintiff has not alleged "for cause" grounds to terminate the agreement, and therefore is in breach of the contract. See id. at 1-2.

Defendant does not provide any case law in support of her argument. However, as Plaintiff points out in its Reply, see Dkt. No. 18 at 2, the United States Court of Appeals for the Eight Circuit recently rejected this same argument challenging an identical provision in an H&R Block franchise agreement. See H&R Block Tax Servs. LLC v. Franklin, 691 F.3d 941, 942, 945 (8th Cir. 2012) (upholding identical termination/renewal provision under Missouri law and finding that H&R Block was not limited to declining to renew agreement "for cause"). Accordingly, Defendant has failed to demonstrate that Plaintiff breached the SFA by declining to renew it under the 1984 terms.

*2. Non-Competition Clause*

Under Missouri law, "[a]s a general proposition, non-compete covenants ancillary to franchise agreements are enforceable if reasonable and consistent with public policy." R.E. Harrington, Inc. v Frick, 428 S.W.2d 945, 950 (Mo. Ct. App. 1968); see also Herrington v. Hall, 624 S.W.2d 148, 151 (Mo. Ct. App. 1981) ("A temporally and spatially limited restraint may be deemed reasonable and enforceable in equity if a legitimate protectable interest of the employer is served."). Covenants not to compete "must be reasonable as to time and space." AEE-EMF, Inc. v. Passmore, 906 S.W.2d 714, 719 (Mo. Ct. App. 1995).

Plaintiff argues that the non-compete covenants are reasonable in terms of their durational and geographic restrictions. Mem. at 14-15. Plaintiff asserts that a one-year covenant is a reasonable period of time to enable Plaintiff to transition H&R Block clients to its new Cobleskill location, while preventing Defendant from misappropriating relationships and the goodwill associated with the H&R Block mark that have developed over many years. Id. Furthermore, given Cobleskill's rural location, a forty-five mile radius against competition is reasonable because Plaintiff's clients are spread out throughout the particular region. See id.

Defendant does not contest the one-year restriction against competition. See Resp. at 6 ("The only sliver of acceptability is the durational aspect—one year."). However, Defendant argues that the spatial restriction is overly broad and unenforceable. Id. at 3-4. Specifically, Defendant asserts that "[t]he non-compete clause precludes the Defendant from preparing tax returns or performing related services within 45 miles of any H&R block office. . . . Essentially, the exclusion zone of 45 miles from any office means [Defendant] . . . cannot engage in her profession *anywhere*." Id. at 3 (emphasis in original).

The Court has carefully reviewed the SFA and finds that Plaintiff's argument is without merit. The SFA provides that *while the agreement is in effect*, Defendant may not perform tax preparation services within 45 miles of "any office operated by Block." Ex. 1 ¶ 12(a)(i). However, upon termination of the SFA, it provides that Defendant may not compete "within 45 miles of the Franchise Territory," which is defined in the SFA as Cobleskill, NY. Id. ¶ 12(a)(iii). The SFA is unambiguous that Defendant is precluded only from competition within forty-five miles of her formerly franchised location in Cobleskill. Thus, Defendant's argument that she cannot engage in her profession "anywhere" is clearly contradicted by the terms of the SFA.

Furthermore, courts applying Missouri law have consistently upheld even more restrictive non-competition covenants than the provision currently before the Court. See, e.g., Gold v. Holiday Rent-A-Car Int'l, Inc., 627 F. Supp. 280, 285 (W.D. Mo. 1985) (finding reasonable a covenant involving a car-rental franchise agreement not to compete for two years and within a seventy-five mile radius of the franchised location under both Missouri and Florida law); see also Whelan Sec. Co. v. Kennebrew, 379 S.W.3d 835, 846-47 (Mo. 2012) (upholding a similar non-competition clause involving a two-year and fifty-mile radius restriction).[3] Accordingly, Plaintiff has demonstrated a likelihood of success on the merits that Defendant is in breach of the valid and enforceable non-compete provisions of the SFA.

**B. Irreparable Harm**

Plaintiff argues that, in the absence of injunctive relief, it will suffer irreparable harm to its client relationships, its goodwill built up over many years in Cobleskill, and its ability to re-establish an H&R Block tax return preparation office in the Cobleskill area.[4] Mem. at 8. Plaintiff emphasizes that "[t]he 2015 tax season is already underway," and Defendant's continued use of the telephone number associated with H&R Block, solicitation of clients from her former franchise, and preparation of tax returns are causing Plaintiff significant and irreparable harm. See id. Defendant does not oppose Plaintiff's argument. See generally Resp.

---

[3] Similarly, New York employs a balancing test that considers, *inter alia*, the legitimacy of the plaintiff's business interests and the reasonableness of the covenant in terms of geographic and durational limitations. See DAR & Assocs., Inc. v. Uniforce Servs. Inc, 37 F. Supp. 2d 192, 197 (E.D.N.Y. 1999). For the reasons discussed *supra*, the non-compete covenant meets these criteria. See id. at 199 (finding reasonable a noncompetition clause lasting for two years and within fifty miles of the previously licensed facility).

[4] Plaintiff has since opened another establishment under the H&R Block name in the Cobleskill area, and apparently seeks to transfer the client relationships from Defendant's former franchised location to the newly formed operation. See Mem. at 9.

7

The Court recognizes the time-sensitive nature of this action, given that the overwhelming majority of individuals utilize tax preparation services in the few months prior to April of each calendar year. Moreover, as Plaintiff points out, "[t]he tax return preparation business is characterized by the development of long-term relationships between clients and their tax preparers." Mem. at 9. Plaintiff has operated an H&R Block franchise in the same location for over thirty years, and prepared nearly 2,500 tax returns during the 2014 tax season. Id. Notably, Defendant has built relationships with individuals in need of tax preparation under the benefit of her association with H&R Block, and Plaintiff stands to lose those client relationships if Defendant is not enjoined from directing those customers to her current operation.

Under Missouri law, irreparable harm may be shown in a "situation in which [the employee] might be able to make use of contacts with customers to his former employer's disadvantage. If the covenant is lawful and the opportunity for influencing customers exists, enforcement is appropriate." Osage Glass, Inc. v. Donovan, 693 S.W.2d 71, 75 (Mo. 1985); see also, H&R Block Tax Servs., Inc. v. Peshel, No. Civ. 05-228, 2005 WL 361493, at *3 (D. Minn. Feb. 16, 2005) ("Under Missouri law, irreparable injury occurs when an employee uses his experience gained from an employer in violation of a reasonable covenant not to compete."). Applying this standard, the Court agrees that if Defendant is permitted to convert past clients to her new business by continuing to receive phone calls from a telephone number associated with H&R Block for many years, as well as soliciting and preparing tax returns for former clients, Plaintiff stands to suffer irreparable harm. See Peshel, 2005 WL 361493, at *4 ("H&R Block faces irreparable harm if [defendant] is allowed to ignore her obligations because she will appropriate goodwill that belongs to H&R Block. . . . [Defendant] developed close relationships with those clients while preparing their tax returns.

Because H&R Block risks losing those relationships due to [defendant's] violation of the Agreement, H&R block has shown irreparable harm.").[5] Accordingly, Plaintiff has shown irreparable harm.

**C. Balance of Equities**

Plaintiff argues that the balance of equities tips in its favor because: (1) it will suffer irreparable harm if Defendant is permitted to continue diverting its goodwill away from its newly formed H&R Block facility; (2) Defendant freely agreed to the terms of the SFA and reaped the benefits of her association with the H&R Block for the past thirty years, and thus is not being unfairly burdened; and (3) Defendant has for many years operated, and continues to operate, a separate accounting business and thus will not be foreclosed from continuing to earn income.[6] Mem. at 19. Defendant does not oppose these arguments. See generally Resp.

The Court agrees that the balance of equities weighs in favor of Plaintiff. Defendant undeniably received great benefit from her use of the H&R Block mark over the past many years. Moreover, the relevant provisions of the SFA appear unambiguous, Defendant is a sophisticated businessperson, and the SFA was renewed six times over a thirty-year period; thus, Defendant cannot claim that she was surprised by the termination clauses at issue. Finally, Defendant does not

---

[5] Under New York law, "irreparable injury means injury for which a monetary award cannot be adequate compensation." Jackson Dairy, Inc. v. H. P. Hood & Sons, Inc., 596 F.2d 70, 72 (2d Cir. 1979). Based on the long-term nature of client relationships developed in the tax preparation industry discussed *supra*, the Court finds that Plaintiff has shown irreparable harm under New York law because it would be "very difficult to calculate monetary damages that would successfully redress the loss of a relationship with a client that would produce an indeterminate amount of business in years to come." Ticor Title Ins. Co. v. Cohen, 173 F.3d 63, 69 (2d Cir. 1999).

[6] Plaintiff does not seek to enjoin Defendant from offering services unrelated to the preparation of taxes. See Mem. at 19; see also Resp. at 1 (noting that Defendant "also prepares payroll tax returns[] and sales tax returns for businesses in the Cobleskill area").

9

dispute that she has refused to comply with the post-termination provisions in the SFA, which the Court has found to be reasonable and enforceable. See Dataphase Sys., Inc. v. C L Sys., Inc., 640 F.2d 109, 113 (8th Cir. 1981) (noting the appropriateness of awarding injunctive relief where the movant has demonstrated a strong likelihood of success and irreparable harm).[7] Accordingly, the Court finds that the balance of equities tips in Plaintiff's favor.

### D. Public Interest

"The public has an interest in enforcing covenants not to compete contained within valid contracts as long as the covenant is reasonably limited in scope, duration, and geographic region." Gold, 627 F. Supp. at 285 (citing Sigma Chem. Co. v Harris, 586 F. Supp 704, 711 (W.D. Mo. 1984)). As stated *supra*, the Court finds that the covenants at issue meet these criteria.[8] Accordingly, the Court finds that the injunctive relief requested here weighs in favor of finding for Plaintiff.

### E. Additional Tax Preparers

The final issue before the Court is whether the injunctive relief sought by Plaintiff may be applied to other individuals performing tax preparation services at Defendant's former franchise location. See Mem. at 18. Plaintiff argues that "at least two tax professionals who were employed by [Defendant] in her formerly franchised business . . . continue to perform tax preparation services

---

[7] The Court reaches the same conclusion under New York law. See RESCUECOM Corp. v. Mathews, No. 05-CV-1330, 2006 WL 1742073, at * 3-4 (N.D.N.Y. June 20, 2006) (granting injunctive relief in a franchise relationship where the franchisee was in breach of covenants the Court previously found to be reasonable).

[8] Under New York law, the Court need only ensure that the injunctive provisions of the order do not harm the public interest. See Citigroup Global Mkts. Inc., 673 F.3d at163 n.1. The Court sees no basis for concluding that upholding reasonable provisions of a contract would harm the public interest.

10

for clients in the area at her formerly franchised location." Compl. ¶¶ 14-15. Defendant does not oppose this assertion. See generally Resp.

It is unclear whether these individuals are operating as Defendant's employees or as independent tax preparers who are merely leasing space within Defendant's location. See Compl. ¶¶ 14-15. However, under either scenario, these individuals may be properly enjoined by the non-competition covenants contained in the SFA.

First, the SFA unambiguously provides that upon termination of the franchise agreement, Defendant may not lease to any individual the premises for the purpose of conducting tax preparation services, Ex 1. ¶ 14; see also Compl. ¶ 15, and Defendant has not refuted that she is in breach of this provision. Furthermore, pursuant to Fed. R. Civ. P. 65(d)(2), a preliminary injunction may be ordered against "other persons who are in active concert or participation with" the breaching party, or her officers, agents, or employees. The evidence before the Court indicates that these tax preparers at Defendant's location, if not her employees, are at minimum acting "in active concert or participation with" Defendant, and are thus subject to the covenants discussed herein. See, e.g., H&R Block Tax Servs., Inc. v. Sheets, No. 06-CV-23, 2006 U.S. Dist. LEXIS 8437, at *25-29 (E.D. Ky. Mar. 3, 2006) (enjoining a successor to a former franchisee in the business of tax preparation where the successor utilized the same location, one phone number previously assigned to the franchisee, and employed the franchisee's former employees). Accordingly, all individuals at Defendant's former franchise location are subject to the non-compete covenants discussed herein.

## IV. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that Plaintiff H&R Block Tax Services, LLC's Motion (Dkt. No. 5) for a

preliminary injunction and temporary restraining order is **GRANTED**. Defendant Judy Strauss and all those acting in active concert or participation with her are hereby ordered to immediately: (1) refrain from directly or indirectly offering tax return preparation and related services in or within forty-five miles of Cobleskill, New York; (2) refrain from solicitation of clients of the former H&R Block office in Cobleskill; and (3) discontinue using, and assign to Plaintiff, the telephone number(s) associated with her former H&R Block business; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:	February 04, 2015
	Albany, NY

_____
Lawrence E. Kahn
U.S. District Judge