**UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| H&R BLOCK TAX SERVICES LLC, a Missouri Limited Liability Company, <br><br> Plaintiff, <br><br> v. <br><br> JUDY STRAUSS, a citizen of the State of New York, <br><br> Defendant. | C.A. No. 1:15-cv-00085-LEK-CFH |

**MEMORANDUM IN SUPPORT OF PLAINTIFF H&R BLOCK TAX SERVICES
LLC'S MOTION FOR AN ORDER TO SHOW CAUSE WHY
DEFENDANT SHOULD NOT BE HELD IN CONTEMPT OF COURT**

Date: March 3, 2015

Paul M. Freeman, Esq. (Bar # 101696)
Matthew J. Griesemer, Esq. (Bar # 514949)
FREEMAN HOWARD, P.C.
441 East Allen Street
P.O. Box 1328
Hudson, New York 12534
Telephone:   (518) 828-2021
Facsimile:   (518) 828-2024
freeman@freemahoward.com
griesemer@freemanhoward.com

Peter J. Klarfeld (*admitted pro hac vice*)
Julia C. Colarusso (*admitted pro hac vice*)
GRAY, PLANT, MOOTY, MOOTY
   & BENNETT, P.A.
600 New Hampshire Avenue, NW
Suite 700 – The Watergate
Washington, DC 20037
Telephone:   (202) 295-2200
Facsimile:   (202) 295-2250
peter.klarfeld@gpmlaw.com
julia.colarusso@gpmlaw.com

## TABLE OF CONTENTS

                                                           **Page**

TABLE OF AUTHORITIES ................................................................................................ ii

I.     INTRODUCTION ..................................................................................................... 1

II.    STATEMENT OF FACTS ....................................................................................... 1

        A.     The Injunction ................................................................................................ 1

        B.     Ms. Strauss's Failure And Refusal To Comply With The Injunction .......... 2

III.   ARGUMENT ............................................................................................................ 5

        A.     The Civil Contempt Standard ........................................................................ 5

        B.     Ms. Strauss Has Acted In Contempt Of The Injunction. ............................. 6

        C.     Ms. Strauss Should Be Sanctioned For Her Knowing Violation Of The Court's Order. ................................................................................................ 7

IV.   CONCLUSION ........................................................................................................ 8

# TABLE OF AUTHORITIES

Page(s)

**Federal Cases**

*Am. Honda Motor Co. v. V.M. Paolozzi Imps., Inc.*,
  No. 7:10-cv-955, 2012 U.S. Dist. LEXIS 125150 (N.D.N.Y. Sept. 4, 2012) ................ 8

*Cold Stone Creamery, Inc. v. Gorman*,
  361 F. App'x 282 (2d Cir. 2010) ................................................................................ 6

*GTE Sylvania, Inc. v. Consumers Union*,
  445 U.S. 375 (1980) ................................................................................................ 5-6

*Perfect Fit Indus., Inc. v. ACME Quilting Co., Inc.*,
  673 F.2d 53 (2d Cir. 1982) ........................................................................................ 7

*Powell v. Ward*,
  643 F.2d 924 (2d Cir. 1981) ...................................................................................... 5

*Shillitani v. United States*,
  384 U.S. 364 (1966) .................................................................................................. 5

*W. E. Bassett Co. v. Revlon, Inc.*,
  435 F.2d 656 (2d Cir. 1970) ...................................................................................... 8

**Rules**

Local Rule 83.5 ............................................................................................................ 1, 8

## I.     INTRODUCTION

Pursuant to Federal Rule of Civil Procedure 70(e) and Local Rule 83.5, Plaintiff H&R Block Tax Services LLC ("Block") seeks an order to show cause why Defendant Judy Strauss should not be held in contempt for her willful violation of the clear and unambiguous terms of the preliminary injunction and temporary restraining order entered by this Court on February 4, 2015.  The Court's prior Order required Ms. Strauss and all those in active concert or participation with her to immediately refrain from directly or indirectly offering tax return preparation and related services in or within 45 miles of Cobleskill, New York, and to refrain from soliciting clients of Ms. Strauss's former H&R BLOCK franchise.  Ms. Strauss has flouted these mandates since the day the injunction was entered.  In particular, Ms. Strauss and her employees have continued to solicit clients through direct telephone calls and print advertisements and to prepare tax returns in and within 45 miles of Cobleskill.

Block seeks an order holding Ms. Strauss in contempt of court and imposing such sanctions as are necessary to achieve her compliance with the injunction, including the assessment of a per diem civil fine against Ms. Strauss payable to Block until the contempt is purged.  Block also requests that it be awarded its costs and attorneys' fees incurred in connection with this motion.

## II.     STATEMENT OF FACTS

### A.     The Injunction

Block commenced this action on January 23, 2015 to obtain, among other things, injunctive relief enforcing the covenant against competition contained in its Satellite Franchise Agreement (the "SFA") with Ms. Strauss on the grounds that Ms. Strauss had

1

continued to operate an independent tax return preparation business at the same location as her former H&R BLOCK franchise after the SFA had terminated. On February 4, 2015, following a hearing and briefing by the parties, the Court issued a Memorandum-Decision and Order granting Block's motion for a preliminary injunction and temporary restraining order requiring Ms. Strauss to immediately:

> (1) refrain from directly or indirectly offering tax return preparation and related services in or within forty-five miles of Cobleskill, New York; (2) refrain from solicitation of clients of the former H&R Block office in Cobleskill; and (3) discontinue using, and assign to Plaintiff, the telephone number(s) associated with her former H&R Block business[.]

ECF No. 20, Feb. 4, 2015 Order at 12. The Court expressly stated that its injunction also applied to employees of Ms. Strauss's formerly franchised office who were acting in concert with her to operate her tax return preparation business. *Id*. at 10-12.[1]

### B.  Ms. Strauss's Failure And Refusal To Comply With The Injunction.

Ms. Strauss has obstinately refused to comply in good faith with the clear directives of the injunction and has continued to compete against Block and solicit its clients in violation of the SFA and the Court's February 4, 2015 Order. On or about February 13, 2015, Block's district manager in Cobleskill learned that at least two clients had visited Ms. Strauss's formerly franchised office seeking tax return preparation services following the entry of the injunction and were told that Ms. Strauss's office would be able to prepare their returns within the next two weeks. Declaration of Donna Chow ("Chow Decl.") ¶ 3. Around this same time, Block also learned that Ms. Strauss was continuing to advertise in the *Times-*

---

[1] As stated above, the injunction required Ms. Strauss to discontinue using and to assign to Block the telephone number(s) associated with her former H&R BLOCK office. After negotiations between the parties, Ms. Strauss complied with that component of the injunction.

2

*Journal*, Cobleskill's local newspaper, that her office provides "bookkeeping and tax services." *Id*. Accordingly, on February 19, 2015, Block's counsel sent Ms. Strauss's counsel a letter advising him that such advertisements and actions were in direct violation of the injunction. Declaration of Paul M. Freeman ("Freeman Decl.") ¶ 7. The letter demanded that Ms. Strauss cease and desist from any further efforts to prepare tax returns in the Cobleskill area and stated that Block would commence proceedings to hold her in contempt of court if she failed to comply. *Id*.

Ms. Strauss's counsel responded to Block's letter on February 20, 2015, stating that Ms. Strauss had modified the advertisement in the *Times-Journal* so that it would only reference "bookkeeping services." *Id*. ¶ 9. In a subsequent email sent that same day, Ms. Strauss's counsel stated that the revised advertisement would begin running in the February 25, 2015 edition of the newspaper. *Id*. ¶ 10. Neither the letter nor the email that Block received from Ms. Strauss's counsel on February 20, 2015 addressed her representations that she would be preparing tax returns in the next two weeks. *Id*. As a result, Block's counsel contacted Ms. Strauss's counsel by email to ask for confirmation that Ms. Strauss and her tax preparers would stop telling people who called her office that they would be able to have their tax returns prepared by Ms. Strauss in the near future. *Id*. ¶ 11. Block's counsel did not receive a response to that email. *Id*.

Block has since learned that Ms. Strauss is in fact continuing to solicit and prepare tax returns for clients located in Cobleskill. Specifically, Ms. Strauss is now offering tax return preparation service from an office located in Freehold, New York, which is considerably less

3

than 45 miles away from Cobleskill.  Declaration of Debbie Kocsis ¶ 3.[2]  In addition, Ms. Strauss has been contacting former clients of her H&R BLOCK office and telling them that if they leave their tax return information at her accounting office in Cobleskill, Ms. Strauss will arrange to pick up that information and prepare their tax returns at her location in Freehold.  *Id*. ¶ 4.

Ms. Strauss also promoted her business's tax preparation services in a special supplement to the *Times-Journal* that was distributed to all residents in Schoharie County (which includes Cobleskill) on February 25, 2015.  Chow Decl. ¶ 4.  One of the promotional pieces in the supplement refers to Ms. Strauss's accounting business, J. Strauss & Associates, as a "full-service agency" that "does payroll reports, year-end filings, and e-filings."  Ex. C to Chow Decl.  The advertisement further indicates that her former H&R BLOCK business "was rolled into J. Strauss & Associates" in 2014.  *Id*.  A separate advertisement for "J. STRAUSS & ASSOCIATES BOOKKEEPING & TAX SERVICES" appears in the same supplement.  Ex. D to Chow Decl.  In addition, the exterior of the building in which Ms. Strauss's Cobleskill office is located still bears a sign stating "J. STRAUSS & ASSOCIATES BOOKKEEPING & TAX SERVICE."  Chow Decl. ¶ 5.

On February 27, 2015, counsel for Block spoke on the telephone with counsel for Ms. Strauss, conveying that her continued advertising of tax services in the Cobleskill area and her arrangement to pick up tax information from former clients in Cobleskill and to prepare tax returns in Freehold were in direct violation of the Court's order.  Freeman Decl. ¶ 14.

---

[2] A print-out from the Google Maps website showing the 36.6 mile distance between Ms. Strauss's office in Cobleskill and her new site in Freehold is attached to the Freeman Declaration as Exhibit 6.

4

Counsel for Ms. Strauss indicated that he would speak to Ms. Strauss promptly about the gravity of the situation. *Id*. ¶ 15. On the morning of March 2, 2015, counsel for Block received a letter from counsel for Ms. Strauss, indicating that future advertising by Ms. Strauss had been cancelled on February 27, 2015. *Id*. It also stated that the ads in the *Times Journal* supplement had been initially prepared before entry of the Court's Order To Show Cause, but it gave no indication of what efforts, if any, had been made to cancel those ads in the three weeks between the entry of the Court's Order To Show Cause and the distribution of the supplement on February 25, 2015. *Id*. Finally, and of critical importance, the letter failed to address in any way either Ms. Strauss's arrangements with former clients to pick up their tax preparation material in Cobleskill or her preparation of tax returns in Freehold, almost 10 miles within the prohibited radius. *Id*.

### III.   ARGUMENT

#### A.   The Civil Contempt Standard

A court has inherent authority to impose civil contempt sanctions to achieve compliance with its orders and to compensate the complaining party for damages resulting from noncompliance. *See Shillitani v. United States*, 384 U.S. 364, 370 (1966) ("There can be no question that courts have inherent power to enforce compliance with their lawful orders through civil contempt."); *Powell v. Ward*, 643 F.2d 924, 931 (2d Cir. 1981) ("A court has the inherent power to hold a party in civil contempt in order 'to enforce compliance with an order of the court or to compensate for losses or damages.'" (quoting *McComb v. Jacksonville Paper Co.*, 336 U.S. 187, 191 (1949))). It is "established doctrine that persons subject to an injunctive order issued by a court with jurisdiction are expected to obey that

decree until it is modified or reversed, even if they have proper grounds to object to the order." *GTE Sylvania, Inc. v. Consumers Union*, 445 U.S. 375, 386 (1980). Courts will hold a party in contempt pursuant to their inherent powers when "(1) the order the contemnor failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the contemnor has not diligently attempted to comply in a reasonable manner." *Cold Stone Creamery, Inc. v. Gorman*, 361 F. App'x 282, 287 (2d Cir. 2010) (quoting *Paramedics Electromedicina Comercial, Ltda. v. GE Med. Sys. Info. Techs., Inc.*, 369 F.3d 645, 655 (2d Cir. 2004)) (affirming a contempt judgment, an award of attorneys' fees, and a $25,000 fine pursuant to Rule 70 against a terminated franchisee for violating a preliminary injunction barring the franchisee's continued use of the franchisor's trademarks). Furthermore, the moving party need not establish that the violation was willful. *Id*. (citation omitted).

### B.     Ms. Strauss Has Acted In Contempt Of The Injunction.

All three elements of contempt are satisfied in this case. First, Ms. Strauss's obligations under the Court's February 4, 2015 Order are clear and unambiguous. She was prohibited from soliciting clients of her former H&R BLOCK office and from competing against Block in or within 45 miles of Cobleskill for one year. Second, despite the Court's unequivocal command that she refrain from soliciting clients of her former H&R BLOCK franchise and competing with Block, directly or indirectly, in the business of preparing income tax returns within 45 miles of Cobleskill, Ms. Strauss has willfully disobeyed both the noncompetition and nonsolicitation requirements of the injunction. She has continued to display signs and publish advertisements that promote her business's tax return preparation

6

and electronic filing services and has made outgoing phone calls to her former clients to arrange for the preparation of their income tax returns during the current tax season. She has also begun preparing tax returns for her clients at an office located less than 45 miles from Cobleskill. Third, rather than comply with the requirements of the injunction in a reasonable manner, Ms. Strauss has actively violated the injunction.

### C.  Ms. Strauss Should Be Sanctioned For Her Knowing Violation Of The Court's Order.

Block requests that the Court impose an appropriate per diem fine on Ms. Strauss, nunc pro tunc as of February 4, 2015 (the day on which her noncompliance began), which should continue to accrue until she is in full compliance with the injunction. As the Court is aware, an affiliate of Block opened a new H&R BLOCK office in Cobleskill in the Fall of 2014 in order to provide services to former H&R Block clients in that area. With each passing day, Ms. Strauss's continued diversion of H&R BLOCK clients away from the new H&R BLOCK office is causing substantial and irreparable damage to Block's goodwill and its ability to win those clients back during the current tax season. *See* Freeman Decl. ¶¶ 16-19.

Given that Ms. Strauss's refusal to comply with the injunction has been willful and deliberate, sanctions are necessary to secure her compliance. *See Perfect Fit Indus., Inc. v. ACME Quilting Co., Inc.*, 673 F.2d 53, 57 (2d Cir. 1982) (affirming a contempt sanction of $5,000 per day for violation of the court's injunction regarding trade dress infringement, reasoning that when the purpose of the sanction imposed on a party held in civil contempt is coercive, "the district court has broad discretion to design a remedy that will bring about compliance" (citations omitted)). In the instant case, the purpose of the contempt order

7

would be coercive because it does not appear that Ms. Strauss will otherwise comply with the Court's February 4, 2015 Order.

Block also requests that the Court award it the reasonable attorneys' fees and costs it has incurred and will incur in connection with this motion. The Court is expressly authorized to award attorneys' fees under Local Rule 83.5, which provides that "[a] reasonable attorney's fee, necessitated by the contempt proceeding, may be included as an item of damages." Moreover, courts within the Second Circuit have held that the complainant's recovery of its attorneys' fees and expenses is an appropriate remedy in civil contempt actions. *See Am. Honda Motor Co. v. V.M. Paolozzi Imps., Inc.*, No. 7:10-cv-955, 2012 U.S. Dist. LEXIS 125150, at *11 (N.D.N.Y. Sept. 4, 2012) (granting the plaintiff's request for the attorneys' fees and costs it incurred in bringing a contempt motion); *see also W. E. Bassett Co. v. Revlon, Inc.*, 435 F.2d 656, 665 n.5 (2d Cir. 1970) (affirming a contempt finding in a trademark case for violating a preliminary injunction, awarding attorneys' fees and additional penalties as a sanction, and further noting that "[t]he plaintiff in a civil contempt case may recover not less than the expenses, including counsel fees, which it has incurred in enforcing the disobeyed order of the court").

## IV.   CONCLUSION

For the foregoing reasons, Block respectfully requests that the Court grant its motion and issue an Order (1) holding Ms. Strauss in contempt of court, (2) imposing upon Ms. Strauss an appropriate fine to enforce her compliance, and (3) awarding Block its reasonable attorneys' fees and costs incurred in connection with this motion.

Respectfully submitted,

Date: March 3, 2015                    s/Paul M. Freeman
                                       Paul M. Freeman, Esq. (Bar # 101696)
                                       Matthew J. Griesemer, Esq. (Bar # 514949)
                                       FREEMAN HOWARD, P.C.
                                       441 East Allen Street
                                       P.O. Box 1328
                                       Hudson, New York 12534
                                       Telephone:  (518) 828-2021
                                       Facsimile:  (518) 828-2024
                                       freeman@freemahoward.com
                                       griesemer@freemanhoward.com

                                       Peter J. Klarfeld (*admitted pro hac vice*)
                                       Julia C. Colarusso (*admitted pro hac vice*)
                                       GRAY, PLANT, MOOTY, MOOTY
                                          & BENNETT, P.A.
                                       600 New Hampshire Avenue, NW
                                       Suite 700 – The Watergate
                                       Washington, DC 20037
                                       Telephone:  (202) 295-2200
                                       Facsimile:   (202) 295-2250
                                       peter.klarfeld@gpmlaw.com
                                       julia.colarusso@gpmlaw.com

## CERTIFICATE OF SERVICE

  I hereby certify that on March 3, 2015, I electronically filed the foregoing with the Clerk of the District Court using the CM/ECF system, which sent notification of such filing and service upon the following:

Gregory E. Schaaf
Englert, Coffey Law Firm
P.O. Box 1092
224 State Street
Schenectady, NY 12301-1092
518-370-4645
518-370-4979 (fax)
gschaaf@ecmlaw.com

            s/Paul M. Freeman
            Paul M. Freeman, Esq. (Bar # 101696)
            Matthew J. Griesemer, Esq. (Bar # 514949)
            FREEMAN HOWARD, P.C.
            441 East Allen Street
            P.O. Box 1328
            Hudson, New York 12534
            Telephone:  (518) 828-2021
            Facsimile:   (518) 828-2024
            freeman@freemahoward.com
            griesemer@freemanhoward.com

GP:3918018 v1